## ANDERSON, Estate of, In re.

Ohio Appeals, Second District, Franklin County.

No. 5228.   Decided February 16, 1956.

Jenkins, Williams, Wendt, Murray & Deeg, Richard C. Deeg, of Counsel, Columbus, for appellee, Opal Green.

Sater & Sater, Kenneth L. Sater, of Counsel, Columbus, for appellant, Edith R. Funke, Executrix and Beneficiary.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By THE COURT.

Appellant, who is Executrix of the Estate of Edith Hope Anderson and a legatee under her will, filed her first, final and distributive account in which it appeared that the net proceeds of the sale of certain real estate mentioned in Item 2 of the will of decedent were distributed to the ten named legatees in said item. Thereafter, Opal Green, one of the named legatees, filed exceptions to the account claiming that the Executrix had erred in her account and in failing to pay to exceptor rents received by the Executrix from the real estate which was sold following the death of testatrix. The total amount of the rents collected from the real estate was approximately $2200.00 which sum was distributed to appellant under Item 7, the residuary clause of the will of decedent. Edith R. Funke, as Executrix and legatee, moved to dismiss the exceptions. The Court overruled appellant's motion.

At the outset we direct attention to the order from which the appeal is taken. It reads, "ordered that said motions" (to dismiss the exceptions to Executrix's account) "be and they hereby are overruled."

"And movants not desiring to plead further, it is further ordered that said exceptions are duly and properly filed."

Obviously, this is not a final order.

Had the entry fully responded to the written decision of the trial judge, it would have disposed of the exceptions favorably to the exceptor and have been final and appealable. This is exemplified by the last sentence of the opinion:

"It, therefore, follows that the rents collected between the date of the death of the testatrix and the sale, belong to the legatees named in Item 2 of the will and the executrix should account therefor."

The situation can be corrected by remanding the case for a nunc pro tunc entry and when it is returned to this Court our opinion herewith can be journalized. If this cannot be agreed upon the matter may be taken up with the Court.

The issue between the parties must be resolved by construction of Items 2 and 7 of the will of Edith Hope Anderson. The second item of the will,

"I give, devise and bequeath to:

"Evelyn Wilson Hammond

"Lorene Wilson Schaeker

"Opal Stanley Green

"Helen Mae Stanley Wyatt

"Paul E. Stanley

"Eileen Saulters Cline

"George S. Thompson

"Harold D. Robinson

"Stanley J. Robinson

"Glen S. Bagley

"the monies realized from sale of 1159 Dennison Ave. and 1097 and 1099 16th Ave.

"Seventh: All residue of my property both real and personal which I may own or have the right to dispose of at time of my decease I give devise and bequeath to Edith Funke—same to be disposed of according to my wishes and of which she knows."

The estate of decedent was solvent. The assets far in excess of indebtedness. The executrix held the real estate described in the second item of the will for several months and pursuant to the implied authority and direction of Item 2 sold the real estate therein described and distributed the net proceeds among the ten named legatees in the item. All of the legatees were properly before the court in the sale of the real estate; no one objected and neither individually nor collectively was election made to take the real estate under §2127.31 R. C.

The trial judge held that Item 2 of the will was, in effect, a devise of the real estate to the ten persons named in that item. This conclusion was reached upon the theory that as the individuals named in Item 2 had the right to take the real estate under the statute the title to the real estate vested in the named persons.

It is our judgment that the meaning of Item 2 of the will is clear and requires no resort to rules of construction. The item constituted ten legacies, probably specific, but whether specific or demonstrative is of no effect on the question presented. It must be assumed that the testatrix knew the distinction between "monies realized from sale of real estate" and rental received therefrom. The bequest is for the monies realized from the sale of the described real estate and not the real estate.

In the case of Schaupp et al v. Jones et al, 3 O. C. C. N. S. 176, the court held that

"Where a testator provides that land shall be sold and the proceeds thereof divided equally among four persons, no one of the devisees acquires title to the property under the will, but the devisees might, by all uniting, avoid a sale by the executor, and take the premises instead of the proceeds therefrom."

Here, if the statute has any application to the facts, which we do not hold, the legatees did not avail themselves of its provisions. The administration of the estate was carried on and completed without interposition of any of the legatees to assert any other or different right than his proportionate share of the monies realized from the share of the real estate. If it is conceivable that an election to take under the statute would have changed the character of the interest granted by Item 2 of the will, no such action was taken.

We can find no support in the specific language of Item 2 of the will of decedent for an interpretation that it was a devise in any sense of the term. The rents were no part of the monies realized from the sale of the real estate and passd to Edith R. Funke under Item 7, the residuary clause of the will.

Order as hereinbefore indicated.

MILLER, PJ, HORNBECK and FESS, JJ, concur.